DAVID L. HENKIN #6876
HARLEY M. BROYLES #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice* pending)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice* pending)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| FALEULA O LE MANUʻATELE, FAʻASAO AMERIKA SAMOA, and CONSERVATION COUNCIL FOR HAWAIʻI, | CIVIL NO. CV-26-543 JAO-KJM |
| Plaintiffs, | PLAINTIFFS' FIRST APPLICATION FOR ORDER TO SHORTEN TIME RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SIXTH CLAIM FOR RELIEF; EATON DECLARATION |
| v. | |
| MARINE MINERALS ADMINISTRATION and DOUG BURGUM in his official capacity as Secretary of the Department of Interior, | Hearing: <br> Judge: Hon. Jill A. Otake <br> Trial Date: None set |
| Defendants. | Related to ECF 23 |

PLAINTIFFS' FIRST APPLICATION FOR ORDER TO SHORTEN TIME RE: PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SIXTH CLAIM FOR RELIEF

## I. INTRODUCTION

Pursuant to LR 6.2, Plaintiffs respectfully ask this Court to issue an order shortening the time to brief Plaintiffs' Motion for Partial Summary Judgment Re: Sixth Claim for Relief (Plaintiffs' Motion, ECF 23) and setting a hearing that will allow the Court to issue its decision on Plaintiffs' Motion before Defendant Marine Minerals Administration (MMA) holds the American Samoa lease sale. Plaintiffs make this request in light of (i) MMA's notice to hold the American Samoa lease sale on November 19, 2026, and (ii) the Court's pending ruling in *Fa'asao Amerika Samoa v. National Marine Fisheries Service*, Civ. No. 26-00438-JAO-KJM (D. Haw., filed August 18, 2026) [hereinafter *FAS*]. A ruling in *FAS* that the National Marine Fisheries Service's Letter of Concurrence (LOC) for the American Samoa lease sale is unlawful would be dispositive of the claim in Plaintiffs' Motion: that the Endangered Species Act (ESA) bars MMA from proceeding with the lease sale in reliance on an unlawful LOC. ECF 23. Plaintiffs have repeatedly attempted to get Defendants' commitment that they would not proceed with the lease sale on November 19 if, before that date, the Court in *FAS* rules the LOC is unlawful. Eaton Decl. ¶ 3–4. Defendants have refused to agree. *Id.* Accordingly, Plaintiffs ask the Court to expedite proceedings on their Motion

for Partial Summary Judgment so that, if possible, they may obtain a ruling and order from this Court vacating the Final Leasing Notice before November 19, to prevent the sale from occurring. Delaying resolution of Plaintiffs' Motion until after the American Samoa lease sale has occurred would substantially increase the burdens on this Court and the parties.

Pursuant to LR 7.8, this application is made following the conferences of counsel that took place on October 26, October 28, and November 4, 2026, which were unsuccessful in securing agreement about a schedule to resolve Plaintiffs' Motion.

## II. ARGUMENT

This Court has "the inherent authority to manage [its] docket[] … with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Shortening the time for briefing and deciding Plaintiffs' Motion would aid in the "efficient and expedient" resolution of Plaintiffs' Sixth Cause of Action and the overall case. *Id.*

The Court's decision in *FAS* will be determinative as to the outcome of Plaintiffs' Motion, making extra time for briefing unnecessary and allowing the Court to render a prompt decision. The central argument in Plaintiffs' Motion is that MMA unlawfully issued its Final Leasing Notice in reliance upon a legally flawed ESA LOC. ECF 23-1 at PageID.207–215. Resolution of Plaintiffs' Motion

thus centers on whether the LOC is legally flawed. *Id.* The Court has already received full briefing and heard argument on that issue in *FAS* and will soon issue its decision in that case. Mins., *FAS*, Civ. No. 26-00438-JAO-KJM, ECF 55. For the reasons set out in Plaintiffs' Motion for Partial Summary Judgment, the Court's decision in *FAS* will determine the outcome of Plaintiffs' Motion here. *See* ECF 23-1 at PageID.207–215.

Given the overlap with the issues about to be decided in *FAS* and the complications that would arise should MMA proceed with its lease sale based on an unlawful LOC, Plaintiffs conferred with Defendants and asked them to hold off on the lease sale until after this Court issues its decision in *FAS.* Eaton Decl. ¶ 3. Defendants would not agree. *Id.* Plaintiffs next requested that Defendants agree to a joint stipulation that, if this Court determines in *FAS* that the LOC is unlawful, MMA would not hold the lease sale until after completing a consultation that remedies any deficiencies identified in this Court's order. *Id.* ¶ 4. Defendants again would not agree. *Id.* There thus appears to be a very real possibility that, even if the Court holds in *FAS* that the LOC is unlawful, Defendants will proceed with holding the lease sale on November 19 anyway.

As Plaintiffs explained in opposing the government's motion for a continuance in *FAS*, failing to resolve Plaintiffs' challenge to the ESA consultation before MMA holds the lease sale will inevitably embroil the Court and the litigants

in a time-consuming (and, for the parties, costly) battle over whether those lease sales can be undone, even if this Court agrees that proceeding with the sale in reliance on the LOC was blatantly illegal.[1] Successful bidders for leases will likely intervene to defend their newly acquired property interests, multiplying the filings. Based on experience with litigation over MMA's oil-and-gas lease sales, extensive litigation over the proper remedy ensues whenever a court renders a decision for plaintiffs *after* lease sales have occurred. *See, e.g.*, *Gulf Restoration Network v. Haaland*, 47 F.4th 795, 805 (D.C. Cir. 2022) (referencing arguments that vacatur would be "highly disruptive for the lessees," who "have paid millions of dollars to obtain their leases"); *Friends of the Earth v. Haaland*, 583 F. Supp. 3d 113, 159–60 (D.D.C. 2022) (describing argument that participants in illegal lease sale "will have disclosed their confidential valuation of unleased acreage, making their competitors fully aware of which tracts they have targeted for potential development as well as the valuation that they have placed on leasing those

---

[1] Insofar as Defendants may claim the present motion contradicts or undermines Plaintiffs' position in opposing the continuance in *FAS*, they would be wrong. When Plaintiffs opposed the continuance in *FAS*, they presumed that, if the Court held the LOC unlawful, MMA would comply with the law and not proceed with the lease sale. *See FAS*, ECF 23, PageID.492 ("If the Court were to vacate the LOC, then no ESA consultation decision would exist, and MMA could not legally hold the American Samoa lease sale."). So a ruling in *FAS* prior to the sale date should provide Plaintiffs relief. Defendants now suggest that is not the case—that even if the Court rules in *FAS* that the consultation was illegal, MMA may proceed with the sale anyway.

parcels" (cleaned up)), *vacated as moot*, 2023 WL 3144203 (D.C. Cir. Apr. 28, 2023). Although Plaintiffs strongly disagree that such considerations should preclude vacatur—particularly where the defendant agency has blatantly violated the law and cannot easily correct its errors—resolving these claims is nonetheless burdensome and time-consuming for the Court and litigants alike. The simple way to avoid such burdens here is for the Court to resolve Plaintiffs' Motion as quickly as possible, before MMA holds the lease sale, in which case MMA "would not need to unravel anything." *Friends of the Earth*, 583 F. Supp. 3d at 159.

Because of the almost complete overlap between the issues in Plaintiffs' Motion with the issues that have been briefed and heard in *FAS*, briefing and resolution of Plaintiffs' Motion here will be straightforward and largely duplicative of the issues in *FAS*. The parties do not need extensive time to retread the same issues, and the Court need not expend significant additional judicial resources to resolve those same issues. While Plaintiffs recognize there is not much time before the November 19 sale, we submit that the parties and Court can address the straightforward legal issues on an accelerated timeframe.

Accelerated resolution of Plaintiffs' Motion is particularly suitable here where the parties do not need an administrative record to resolve this claim, which is "limited to legal issues that do not depend on the administrative record, aside from the few key documents the parties [can] cite[] in their motions." *California v.*

*U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1115–16 (N.D. Cal. 2017) (rejecting argument that summary judgment is "premature" before administrative record has been lodged). There is one issue for summary judgment: did MMA rely on an unlawful consultation for its Final Leasing Notice. ECF 23. There can be no dispute that MMA relied on the LOC for the Final Leasing Notice. *See* Ex. 10: MMA Final Leasing Notice Decision Memo at 30. That leaves only the question of whether the LOC is unlawful, which this Court is about to decide in *FAS*. Insofar as record documents may be necessary to decide issues regarding MMA's consultation with NMFS, the consultation record has already been produced in *FAS*. The Court should reject any contention from Defendants that Plaintiffs' Motion cannot be resolved before they produce a complete administrative record in this case.[2]

Despite Plaintiffs' best efforts, they were unable to obtain Defendants' commitment to hold off on the American Samoa lease sale if the Court finds the LOC is unlawful in *FAS*. Given Defendants' position, Plaintiffs have no choice but to seek expedited review of their Motion for Partial Summary Judgment. Plaintiffs respectfully request that the Court establish a schedule that will allow the

[2] Plaintiffs note that Defendants have had more than two months to compile the record since they were served with notice of this ESA claim on August 26, 2026. During conferral with counsel, Defendants were unable to provide any estimate of how much longer they need to produce a record. Eaton Decl. ¶ 5.

Court to resolve Plaintiffs' Motion before November 19, 2026, the announced date for the American Samoa lease sale.

DATED: November 6, 2026.

DAVID L. HENKIN
HARLEY M. BROYLES
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai‘i 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

/s/ Christopher D. Eaton
CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs
Faleula o le Manu‘atele, Fa‘asao Amerika Samoa, and Conservation Council for Hawai‘i