ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
JESSICA L. COLE, Trial Attorney (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 598-3105
Fax: (202) 514-8865
Email: Jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FALEULA O LE MANU'ATELE, FA'ASAO AMERIKA SAMOA, and CONSERVATION COUNCIL FOR HAWAI'I,<br><br>Plaintiffs,<br><br>vs.<br><br>MARINE MINERALS ADMINISTRATION and DOUG BURGUM, in his official capacity as Secretary of the Department of Interior,<br><br>Defendants. | CASE NO. 1:26-CV-00543-JAO-KJM<br><br>FEDERAL DEFENDANTS' MOTION TO STAY AND OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING |

**FEDERAL DEFENDANTS' MOTION TO STAY AND OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED SUMMARY JUDGMENT BRIEFING**

The Court should deny Plaintiffs' motion for expedited summary judgment briefing (ECF 25) and stay the Endangered Species Act ("ESA") claims in this case until the Court renders its decisions in the related *Fa'asao Amerika Samoa v. Lutnick*, Case No. 26-cv-00438 ("*Fa'asao*"). The *Fa'asao* case presents identical issues to those presented in Plaintiffs' motion for partial summary judgment here. That Plaintiffs are asking for expedition here is odd given that Plaintiffs insisted in *Fa'asao* that expedited summary judgment briefing of their ESA claims against the National Marine Fisheries Service ("NMFS") was necessary precisely to avoid expedited briefing once their ESA citizen-suit claims ripened against the Department of the Interior ("Interior"). And yet, Plaintiffs now argue the opposite, insisting that their case against NMFS will not provide sufficient relief. The Court should not allow Plaintiffs to talk out of both sides of their mouth and waste this Court's and the government's limited time and resources with duplicative, unnecessary briefing. Plaintiffs requested expedited briefing in their case against NMFS, and the Court has promised to issue a decision soon. Until that time, the Court should stay this case because that decision will control the outcome here.

**ARGUMENT**

Courts have "the inherent authority to manage their dockets … with a

view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). The Court should stay this case while *Fa'asao* is pending. In considering whether to grant a stay, courts in the Ninth Circuit weigh the following factors: "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant*, 398 F.3d 1098, 1110 (9th Cir. 2005) (internal quotation omitted). All three factors weigh in favor of a stay.

First, Plaintiffs cannot demonstrate that they will be harmed by a stay. In fact, they previously asserted that their *Fa'asao* case would be sufficient to achieve the very relief they seek here. When Plaintiffs initially moved for expedited summary judgment briefing in that case, we opposed their motion, contending that Plaintiffs were bifurcating their claims against NMFS and Interior, which would result in inefficient and duplicative briefing. *Fa'asao*, Case No. 26-cv-00438, ECF 20-1 at 19; ECF 26 at 9. We requested that their motion be held in abeyance until after the October 19, 2026, scheduling conference—two days after their claims against Interior ripened. *Fa'asao*, Case No. 26-cv-00438, ECF 20-1 at 19. In opposing their motion, we emphasized that NMFS "has no legal authority to control Interior's management of a lease sale or the many decisions by Interior that

could follow a lease sale." *Id.* at 21. Nonetheless, Plaintiffs vociferously objected both in their briefing and at oral argument, insisting that:

> *this Court's* ruling in Plaintiffs' favor would have profound legal implications for whether MMA can proceed with the lease sale. It is well-established that consultation under ESA section 7(a)(2) is required before MMA holds an OCSLA lease sale . . . If the Court were to vacate the [letter of concurrence], then no ESA consultation decision would exist, and MMA could not legally hold the American Samoa lease sale. While Defendants correctly note that MMA cannot "rely solely on a FWS biological opinion to establish conclusively its compliance with its substantive obligations under section 7(a)(2)," . . . that does not mean that MMA is free to proceed with the lease sale if the [letter of concurrence] is vacated and there is no NMFS "written statement"—biological opinion or [letter of concurrence]—in effect to conclude ESA consultation, 16 U.S.C. § 1536(b)(3)(A).

*Fa'asao*, Case No. 26-cv-00438, ECF 23 at 24.

Plaintiffs repeatedly argued, "granting Defendants' request will force the Court, Plaintiffs, and the Department of Justice to scramble to address related claims under an extremely compressed timeframe when MMA issues its final lease sale notice in the latter part of October." *Id.* at 21, 18 ("[g]ranting Defendants' requested continuance would therefore guarantee that the Court should have to address an expedited preliminary injunction and/or summary judgment motion after MMA issues the lease sale notice, under a severely compressed briefing schedule, substantially burdening both the Court and the parties."). And the Court took Plaintiffs at their word, denying our request to hold *Fa'asao* in abeyance. Case No. 26-cv-00438, Order, ECF 30 at 9. ("[i]f the Court were instead to vacate

the briefing schedule and refrain from hearing the MSJ, the Court suspects that it would face an even more abbreviated briefing schedule on some motion in Plaintiff's anticipated case against MMA."). Because Plaintiffs achieved the relief they requested—an expedited briefing schedule completed in time for the Court to render a decision *before* the lease sale—they will not be prejudiced by a stay of their ESA claims in this duplicative case.

By contrast, Federal Defendants will be prejudiced if this case goes forward. Although there will likely be significant overlap in the record for this case and the record filed in *Fa'asao*, Interior is a separate agency and thus will need to search its records to determine what other documents will need to be part of its ESA administrative record.[1] Moreover, the Court's ruling in the *Fa'asao* case will have significant consequences for both sides' arguments in this case. For example, Plaintiffs' first argument in their motion for partial summary judgment is that Interior violated the ESA by relying on an unlawful letter of concurrence. ECF 23-1 at 15. Thus, whether the Court upholds the letter of concurrence in the *Fa'asao* case or not will be outcome determinative as to this argument. At a minimum, Federal Defendants will need to tailor their arguments and statements of facts to

[1] In the *Fa'asao* case, the Court recognized the need for the administrative record and for counsel to have access to the record before being required to file a summary judgment brief. Case No. 26-cv-00438, Order, ECF 30 at 7-8.

that record and to address the Court's decision in the *Fa'asao* case and account for any differences in Plaintiffs' ESA arguments against Interior as opposed to NMFS. Finally, both Interior and the Department of Justice are understaffed at present. Requiring Federal Defendants to spend time litigating duplicative arguments—arguments Plaintiffs previously asserted were unnecessary—will take time and resources away from other pressing matters.

Finally, a stay will promote judicial efficiency. Indeed, the Court has promised to issue a decision shortly in *Fa'asao*; it arranged the briefing schedule precisely so that briefing and argument would conclude a few weeks before the lease sale. Yet motions like Plaintiffs' pending one in this case or its related request for a status conference cut into the Court's time to issue such a decision.

Having previously insisted that expedited briefing in the NMFS case was necessary to avoid rushed briefing against Interior, Plaintiffs should be estopped from arguing the opposite here. Indeed, equitable doctrines like judicial estoppel exist precisely to "preclude[] a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). And it is worth noting that Plaintiffs served Interior with a 60-day notice of intent to sue under the Endangered Species Act ("ESA") on August 18, 2026,

N02658[2]; thus, they were able to sue Interior on October 17, 2026. 16 U.S.C. § 1540(g)(2)(A). Nonetheless, Plaintiffs did not bring any ESA claims against Interior until October 26, 2026. *See* Am. Compl., ECF 16. Plaintiffs' assertion that these claims must be decided imminently is thus spurious. In the interest of judicial efficiency, the Court should deny Plaintiffs' request for expedited briefing and stay the ESA claims in this case until it issues its related decision in *Fa'asao*.

Respectfully submitted November 10, 2026:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
CHARLES E.T. ROBERTS, Deputy Assistant Attorney General
MEREDITH L. FLAX, Deputy Section Chief
United States Department of Justice
Energy & Natural Resources Division

/s/ Jessica L. Cole
JESSICA L. COLE (D.C. Bar # 1011384)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
T: (202) 598-3105
Email: jessica.cole3@usdoj.gov

*Attorneys for Federal Defendants*

[2] "N0_" refers to documents in the administrative record filed in *Fa'asao* on October 9, 2026.

CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.4(e), I certify that the foregoing memorandum contains 1,345 words, exclusive of the caption, tables, and signature block. I have relied upon Microsoft Word to determine the word count.

/s/ *Jessica L. Cole*
Jessica L. Cole

CERTIFICATE OF SERVICE

I hereby certify that, on November 10, 2026, the foregoing was electronically filed through the ECF filing system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

/s/ Jessica L. Cole
Jessica L. Cole