DAVID L. HENKIN #6876
HARLEY M. BROYLES #11640
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawaiʻi 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| FALEULA O LE MANUʻATELE, FAʻASAO AMERIKA SAMOA, and CONSERVATION COUNCIL FOR HAWAIʻI, | CIVIL NO. CV-26-543 JAO-KJM |
| Plaintiffs, | PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF THE JOINT STATUS REPORT DEADLINE AND PLAINTIFFS' POSITION RE: BRIEFING SCHEDULE |
| v. | |
| MARINE MINERALS ADMINISTRATION and DOUG BURGUM, in his official capacity as Secretary of the Department of Interior, | Judge: Hon. Jill A. Otake<br>Trial Date: None Set |
| Defendants. | Related to ECF 31; ECF 32 |

This Court's November 17, 2026 order directed the parties to file a joint status report by today "addressing the status of the proposed lease sale and the parties' positions regarding a briefing schedule for Plaintiffs' [23] First Motion for Partial Summary Judgment." ECF 31. Rather than collaborate with Plaintiffs on the joint report, Defendants unilaterally filed a Motion for an Extension of the Joint Status Report Deadline (ECF 32) that provided solely Defendants' perspectives on the status of the proposed lease sale and seeks to delay informing this Court about the parties' positions—and, in particular, Plaintiffs' position—regarding the briefing schedule. Plaintiffs respectfully ask the Court to deny Defendants' motion and to disregard the bulk of the attached declaration from Douglas P. Boren.

In discussions with Defendants regarding the joint status report, Plaintiffs took the position (detailed below) that the Court should require Defendants to file their opposition to the pending motion for partial summary judgment by next Friday, November 27 (*i.e.*, three weeks after Plaintiffs filed their motion). While the parties then traded alternate briefing proposals, Plaintiffs made clear that, if the parties could not reach agreement on an alternative schedule by the close of business today, Plaintiffs intended to ask the Court to adopt their preferred schedule. Delaying the joint status report until next Monday, November 23, as Defendants now ask, would disadvantage Plaintiffs by reducing the likelihood that

this Court would order Defendants to file their opposition brief by the end of the week.

Plaintiffs further object to the attached declaration from Douglas P. Boren, which provides information far beyond the Court's requested update regarding "the status of the proposed lease sale." ECF 31. Only the statements in paragraph 5 (the last three sentences), 6, and 7 of Mr. Boren's declaration are responsive to the Court's request for information. Even there, Mr. Boren offers legal argument that Defendant Marine Minerals Administration (MMA) held the lease sale "[i]n compliance with sections 7(a) and (d) of the ESA," ECF 32-1, PageID.708, which goes beyond the Court's request and to which Plaintiffs object as improper legal argument.

In response to this Court's request for positions on the briefing schedule, Plaintiffs set forth their views as follows:

In successfully opposing Plaintiffs' motion to expedite the resolution of their pending motion for partial summary judgment (ECF 23), Defendants argued that *Fa'asao Amerika Samoa v. NMFS* (*FAS*), Civ. No. CV-26-438 JAO-KJM, "presents *identical issues* to those presented in Plaintiffs' motion for partial summary judgment here" and that the *FAS* "decision *will control* the outcome here." ECF 28, PageID.692 (emphasis added); *see also id.*, PageID.695 ("whether the Court upholds the letter of concurrence in the [*FAS*] case or not will be

outcome determinative"). Now that MMA conducted the American Samoa lease sale notwithstanding the Court's holding in *FAS* that "MMA's overly-narrow definition of the 'agency action'" rendered the mandated Endangered Species Act (ESA) consultation illegal, *FAS*, ECF 62, PageID.3526, Defendants have claimed in discussions with Plaintiffs that the *FAS* decision *does not control* resolution of the merits of Plaintiffs' motion here and have advocated for a leisurely briefing schedule to allow time for Defendants to file an additional administrative record and offer additional argument on the merits.

This Court should hold Defendants to their prior position, which precluded resolution of Plaintiffs' motion for partial summary judgment prior to the American Samoa lease sale. The *FAS* decision makes clear that MMA relied on an illegal ESA consultation when, on October 19, 2026, MMA issued the Final Leasing Notice that Plaintiffs challenge in this lawsuit. *See* ECF 1, PageID.42 (asking Court to "[h]old unlawful and set aside MMA's Final Leasing Notice"). As Defendants previously stated, this Court's ruling in *FAS* "control[s] the outcome here." ECF 28, PageID.692. All that remains is for the Court to fashion appropriate relief for Defendants' violation.

To address the remedy issue, Plaintiffs propose that Defendants file their opposition on November 27, 2026, and that Plaintiffs file their reply on December 4, 2026. Plaintiffs' motion has already been pending for two weeks. A November

27 deadline would allow Defendants three full weeks to address the appropriate remedy, a week longer than the response time that the Local Rules normally ensure for a brief on both the merits and remedy. *See* LR 7.2. This is more than adequate.

Given that this Court in *FAS* already resolved the merits of MMA's ESA violation and only the fashioning of a remedy remains, there is no conceivable basis for Defendants to file a cross motion. For the same reasons, there is no need for the Court to factor into the briefing schedule the production of an administrative record for the Final Leasing Notice. Notably, in discussions over the briefing schedule, Defendants have not proposed to file "the whole record" for the challenged agency action: MMA's Final Leasing Notice. 5 U.S.C. § 706. Rather, they have informed Plaintiffs that they seek to file only a "partial [record] for MMA pertinent to ESA compliance," which is a legal fiction under the Administrative Procedure Act. In their opposition, Defendants are free to cite those parts of the record that they deem relevant. *See* 5 U.S.C. § 706 (courts can consider "those parts of [the record] cited by a party"); *see also California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106, 1115–16 (N.D. Cal. 2017) (court can resolve legal issues based on "the few key documents the parties [can] cite[] in their motions"); *see* ECF 25 PageID.680–81.

Now that MMA has held the lease sale, despite the Court's ruling in *FAS*, it will soon issue leases to the winning bidder, who can then begin preliminary

activities and seek approval for post-leasing activities. *See* 30 C.F.R. § 582.21(b), (c); *see also id.* §§ 582.4, .12(b)–(d) (setting timelines for approving post-leasing activities). The Court should promptly resolve Plaintiffs' pending motion to clarify whether that lawfully can occur.

DATED: November 20, 2026.

/s/ David L. Henkin
DAVID L. HENKIN
HARLEY M. BROYLES
EARTHJUSTICE
850 Richards Street, Suite 400
Honolulu, Hawai'i 96813
T: (808) 599-2436
Email: dhenkin@earthjustice.org
hbroyles@earthjustice.org

CHRISTOPHER D. EATON
(*pro hac vice*)
EARTHJUSTICE
810 3rd Avenue, Suite 610
Seattle, Washington 98104
T: (206) 343-7340
Email: ceaton@earthjustice.org

JOSEPH V. LANGKILDE III
(*pro hac vice*)
EARTHJUSTICE
1250 I Street NW, Fourth Floor
Washington, DC 20005
T: (202) 667-4500
Email: jlangkilde@earthjustice.org

Attorneys for Plaintiffs